YOUNG *v.* SNYDER.

(Decided November 22, 1927.)

*Mr. Frank O. Levering,* for plaintiff in error.
*Mr. Wm. L. Robinson,* for defendant in error.

HOUCK, J.   This is a suit in error and comes into this court from the Common Pleas Court of Knox county.

The parties here occupy the same relative position as they did in the lower court, and will be referred to here as they stood in that court.

The suit grows out of an automobile accident or collision between the cars of plaintiff and defendant.

Plaintiff, W. R. Young, in his petition says that the defendant by reason of carelessness and negligence in failing to dim the lights upon his machine, and without regard to the safety of plaintiff and the passengers in his automobile, carelessly and negligently drove his car into the automobile of plaintiff, striking the same upon the left-hand side, tearing off both front and rear fenders and running board on that side, bending the front axle, breaking the front wheel on the left side, and otherwise damaging same to the extent of $250.

Plaintiff further says in his petition that by reason of the damage to his said automobile he has been without the use of it and has been put to the expense and necessity of procuring and using another machine to his damage and expense to the amount of $150.   He prays judgment against defendant in the sum of $400.

To the petition of plaintiff the defendant filed an answer and cross-petition.

Defendant in his answer denies each and all of the material allegations of the petition of the plaintiff, and in cross-petition avers that the plaintiff was

at the time of the accident driving his car in a careless and negligent manner, that he failed and neglected to regulate his lights, as required by law, by reason of which said carelessness and unlawful driving, and by reason of the unlawful use of the lights on the car 'of plaintiff, defendant was blinded; and defendant further avers that plaintiff drove his car into the left side of defendant's car, badly damaging the same. Defendant further avers that at the time of said accident he was driving his car in a lawful manner with his lights regulated and controlled as required by law, and that the collision resulted from the negligence and fault of the plaintiff, and by reason of his fault and negligence, and without fault or negligence on the part of the defendant. Defendant avers that his car was damaged to the extent of $250, and for which sum he prays judgment against the plaintiff.

Upon the issues thus raised by the pleadings the cause was submitted to a jury, which returned a verdict finding against the plaintiff on his petition and against the defendant on his cross-petition. In other words, the verdict of the jury left each and both of the parties just where they stood after the accident.

The plaintiff, Young, prosecutes error to this court seeking a reversal of the verdict of the jury and the judgment entered thereon by the common pleas court.

Counsel for plaintiff relies and insists upon the following grounds as prejudicial error:

(1) That the trial judge erred in giving three written requests before argument to the jury, which was done at the suggestion of counsel for defendant.

(2) That the trial judge erred to the prejudice of plaintiff in his general charge to the jury.

(3) That the verdict of the jury is against the manifest weight of the evidence.

We have read the pleadings in this case with care, also the evidence as contained in the bill of exceptions, the special requests given in charge to the jury before argument, and the general charge of the trial judge to the jury, in order to determine whether or not either or all of the errors complained of by counsel for plaintiff are sound in fact and law.

The rule is so well settled in Ohio that it is hardly necessary to say that special requests to charge before argument must be given if they contain the law applicable to the issues raised by the pleadings and the evidence in the case. Our examination of the written requests to charge before argument, complained of in this case, fully and completely satisfies us that they were properly given, and that in this respect no error prejudicial to the rights of the plaintiff can properly be urged.

The second ground of error relied upon is that the trial judge erroneously neglected and failed to read all of Section 12614-2 to the jury, and that he omitted therefrom the latter part of same, which reads:

"The provisions of this section shall not exempt motor vehicles equipped with approved nonglare lenses defined in Section 6310-1 of the General Code."

Our examination of the general charge convinces us that in this omission the court committed no prejudicial error. While in fact he did not give the part of the statute complained of by plaintiff in the language of the statute, yet immediately following

the reading of the statute, as given, the trial judge said to the jury:

"That section prescribes the duties devolving upon the driver of an automobile upon the highway after night when meeting approaching vehicles, and it applies to both parties in this case. The defendant has offered testimony tending to show that he had complied with the law commonly spoken of as 'nonglare headlights.' Notwithstanding the fact that he may have complied with the requirements of the law in so far as the nonglare headlights are concerned, it remains a matter of fact for the jury to determine whether or not upon meeting plaintiff's car he controlled his headlights so as to come within the provisions of this section of the statute which I have just read to you."

In view of this instruction to the jury, it occurs to us that the trial judge fully and completely discharged his duty in law and properly and clearly instructed the jury as to the law concerning nonglare headlights, and that the jury by reason of such instruction was not misled.

The trial judge further protected the rights of the plaintiff as well as the defendant in giving in charge to the jury that part of Section 6310-1 of the General Code which refers to spotlights, or so much of it as applied to the facts in the case at bar.

We are not in accord with the claim of counsel for plaintiff that the general charge of the trial judge to the jury was not full and complete and did not cover all of the issuable facts raised by the pleadings and the evidence. Therefore we find no prejudicial error in the record in this respect.

Is the verdict of the jury manifestly against the

weight of the evidence? The record in this case discloses that the issuable facts, as made by the pleadings, were clearly put in the possession of the jury, under the evidence offered.

Relying upon the record, we are free to say that this suit was well tried, not only by counsel, but by the trial judge, if the charge is to be relied upon; and his exclusion and admission of testimony, as the record shows us, not only carefully, but properly, guarded and protected the interest and legal rights of both plaintiff and defendant. The trial in this case was a fair and impartial one. The jury, guided by the evidential facts and the law which we find was properly given to it by the court, found that the plaintiff was not entitled to recover on his petition and that the defendant had no cause of action against the plaintiff.

We are of the unanimous opinion that the jury was right in its finding, and that no prejudicial error has intervened that would warrant or authorize a reviewing court to reverse the judgment of the lower court. It follows that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

SHIELDS and LEMERT, JJ., concur.